

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Emory A. Spencer
County Attorney
Aransas County
Rockport, Texas

Dear Sir:

Opinion No. O-2965
Re: Whether a sheriff may be
elected at a special elec-
tion under the described
facts.

Your letter of December 9, 1940, recites facts and seeks our opinion, as follows:

"I respectfully request your opinion on the following matter. The sheriff of Aransas County died on the 7th day of December 1940. He had been re-elected to the office for 1941-1942 at the General Election held on November 5, 1940. The Commissioner Court, acting under Article 2355 R. C. S. 1925, appointed Hattie Brundrett, wife of former sheriff, J. A. Brundrett, to fill the unexpired term, which term expires on December 31, 1940. Now, due to a number of causes, a majority of the people as well as a majority of the members of the Commissioners Court, if legal, would like to have an election for the purpose of electing a sheriff for the term, 1941-1942. It is my opinion that such an election would be legal only in the case that Article 2355 is directory. In view of the foregoing, my question is this:

"1. Is Article 2355 R. C. S. mandatory or directory?

"2. If Article 2355 is directory, then under what circumstances could an election be held for the purpose of electing a sheriff for the term 1941-1942 so that said election would be legal?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 23 of Article V of the Constitution of Texas provides:

"There shall be elected by the qualified voters of each county a sheriff, who shall hold office for a term of two years, whose duties, and perquisites, and fees of office, shall be prescribed by the Legislature, and vacancies in whose office shall be filled by the Commissioners' Court until the next general election for county or state officers."

This constitutional command to the commissioners' court to fill vacancies in the office of sheriff is embodied in Article 2355, Revised Civil Statutes, which reads:

"The Court shall have power to fill vacancies in the office of: County Judge, County Clerk, Sheriff, County Attorney, County Treasurer, County Surveyor, County Hide Inspector, Assessor of Taxes, Collector of Taxes, Justices of the Peace, Constables, and County Superintendent of Public Instruction. Such vacancies shall be filled by a majority vote of the members of said Court, present and voting, and the person chosen shall hold office until the next general election."

That a vacancy will exist in the office of sheriff of Aransas County on January 1, 1941, is established under the cases of State v. Cooke, 54 Tex. 482; Maddox v. York, 54 S.W. 24; 93 Tex. 275; and Dobkins v. State, 17 S.W. (2d) 81, 19 S.W. (2d) 574.

In the Maddox case, affirmed by the Supreme Court, the Court of Civil Appeals declared:

"But as the sheriff-elect was entitled, upon qualifying, to hold the office for a term of two years, whatever prevented him from doing so created a constructive or virtual vacancy in office for his entire term, which was as effectual, under the Constitution, as a literal vacancy would have been, had he died after qualifying and taking possession of the office."

The Dobkins case involved the death of the sheriff-elect on December 12, 1928, after the general election and before the commencement of the term to which he was elected.

In two opinions by the Fort Worth Court of Civil Appeals it was held that a vacancy existed in the office on January 1, 1929, Judge Conner saying in the second opinion:

Honorable Emory L. Spencer, Page 3

> "The opinion (the prior opinion by the same
> court) expressed the conclusion, which we yet re-
> tain, that the vacancy existed in the office of
> sheriff for the term beginning January 1, 1929,
> which the commissioners' court was authorized to
> fill. . . Such conclusion has been strengthened
> by a reconsideration of the cases of State v.
> Cooke, 54 Tex. 482, and Maddox v. York, 21 Tex.
> Civ. App. 622, 54 S.W. 24, and by the language
> of the Supreme Court in disposing of the certifi-
> cate of dissent presented in the latter case.
> See Maddox v. York, 98 Tex. 275, 55 S.W. 1133."

Section 23 of Article V of the Constitution and Arti-
cle 2355 of the Revised Civil Statutes manifestly contemplate
that the commissioners' court itself shall fill a vacancy in the
office of sheriff. Moreover, there is no constitutional or statu-
tory provision for or authorization of a special election in such
instance.

Article 2953a, Vernon's Annotated Civil Statutes (Acts
1933, 43rd Leg., p. 3, Ch. 3) purports to provide for special
elections and Section 3 of the Act, were it made applicable to
the office of sheriff and otherwise valid in relation thereto,
expressly describes the situation before us.

There is, however, an entire omission in the Act.
Section 1 commences "where special elections are authorized by
this Act," but we search in vain among its provisions for any
special election which it authorizes. Section 2 says, "where
vacancies which are to be filled by election occur in a civil
office" -- Section 3 says, "where an officer, holding an office
the vacancy of which is to be filled by election" -- and thus
throughout the Act.

It is, therefore, sufficient to say, whatever the ef-
fect of Article 2953a, that it cannot apply to the office of
sheriff because it is not one "the vacancy of which is to be
filled by election."

In Williams v. Glover, 259 S.W. 957, 960, it was de-
clared:

> "There is, however, no inherent right in the
> people, whether of the State or of some particular
> subdivision thereof, to hold an election for any
> purpose. Such action must be on authority conferred
> by law. 9 R.C.L., p. 989, § 12."

It was said in Countz v. Mitchell, 38 S.W. (2d) 770,
774, (Comm. of App.):

737

"It is immaterial that there was a full
and fair expression of the voters of the pro-
posed district, as there can be no valid elec-
tion if the same has not been called by law-
ful authority. The rule on this question is
thus stated in Cyc. vol. 15, p. 317; 'There can
be no valid election without some lawful au-
thority behind it. The right to hold an elec-
tion cannot exist or be lawfully exercised with-
out express grant of power by the Constitution
or Legislature."

And in Stephens v. Dodds, 243 S.W. 710, 712;

"If, however, the trustees make an order
for an election not authorized by the Constitu-
tion and laws and for a purpose not recognized
by the law as within their power, it was simply
a nullity."

You are, therefore respectfully advised that there
is no authority in law for the commissioners' court of Aransas
County to call a special election to fill the vacancy in the
office of sheriff of such county which will exist on the 1st
day of January, 1941. The vacancy in such office must be filled
pursuant to Section 23 of Article V of the Constitution and
Article 2355 of the Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:db

APPROVED DEC 18, 1940

ATTORNEY GENERAL OF TEXAS